IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AVERY WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-1088-O-BP |
| § | |
| CITY OF FORT WORTH and § | |
| JENNIFER ROBERTS, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Avery Williams ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Avery Williams is the Plaintiff. In the complaint, Plaintiff lists as defendants the City of Fort Worth and Jennifer Roberts. ECF No. 1.

C.   LEGAL ANALYSIS

When Plaintiff filed this suit, although she filed a long-form in forma pauperis motion, she failed to sign the affidavit portion of that form declaring the facts to be true under penalty of perjury. ECF No. 2. Thus, the Court issued an Order and Notice of Deficiency on November 1,

2023 directing Plaintiff to either pay the applicable filing and administrative fees of $402 or fully complete all sections of the long-form application to proceed in forma pauperis on or before November 15, 2023. ECF No. 8. That order directed that **"[f]ailure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis [by the deadline] could result in the dismissal of this case without further notice."** *Id.* (citing Fed. R. Civ. P. 41(b)). Plaintiff has not responded. Because Plaintiff has wholly failed to file the fully completed in-forma-pauperis application or pay the applicable filing and administrative fees, she has failed to comply with this Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has not complied with this Court's deficiency order, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

RECOMMENDATION

It is therefore **RECOMMENDED** that all of Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on November 21, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE